Filed 4/11/25  P. v. Woods CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AUSTIN JEROME WOODS,<br><br>Defendant and Appellant. | H052501<br>(Monterey County<br>Super. Ct. No. 19CR000033) |

Defendant Austin Jerome Woods appeals from a judgment entered after conviction by plea.  Appointed counsel for Woods filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Woods was advised of the right to file a supplemental brief but has not responded.  Finding no arguable error that would result in a disposition more favorable to Woods, we affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND[1]

On October 27, 2018, Woods was an inmate at Salinas Valley State Prison, serving a sentence in a case from Orange County.[2]  A correctional officer saw tobacco

---

[1] We take these facts from the probation report prepared for Woods's sentencing.

[2] On August 31, 2016, Woods was sentenced to six years in prison for a violation of section 266i, subdivision (a) (pimping and pandering a minor) (Orange County case).

residue and ashes on the floor next to Woods's bed. A search of Woods's person revealed a plastic nasal spray bottle with a brown liquid inside it that Woods described as " 'a little bit of [h]eroin.' " The liquid in the bottle tested positive for heroin. Officers searched Woods's bunk and locker and found three hypodermic syringes that had traces of brown liquid on them.

While in custody in Salinas Valley State Prison on the Orange County case, Woods was charged by complaint in Monterey County on January 2, 2019, with possession of contraband in a prison (Pen. Code,[3] § 4573.6, subd. (a); count 1) and possession of drug paraphernalia in prison (§ 4573.8; count 2); with two allegations he had previously sustained a juvenile adjudication for a serious or violent felony (attempted robbery and robbery)[4] (§ 1170.12, subd. (b)(3)) (prior juvenile strike allegation). (We refer to this prosecution, which is the subject of this appeal, as the Monterey County case.)

Woods finished his prison term on the Orange County case and posted bail on the Monterey County case on March 20, 2020. After several intervening court appearances, on April 13, 2022, Woods waived his right to preliminary hearing. On April 19, 2022, the district attorney filed an information with the same charges and allegations as in the complaint.

Woods remained out of custody on the Monterey County case but, by December 16, 2022, was in custody in Alameda County on an unrelated matter. On March 30, 2023, the court in the Monterey County case issued a bench warrant after Woods failed to appear for a pretrial conference. Woods posted a bail bond on June 23, 2023, in the Monterey County case without going into custody on the bench warrant. However, on August 30, 2023, Woods failed to appear, and the court in the Monterey County case issued a bench warrant.

---

[3] All further unspecified statutory references are to the Penal Code.
[4] Woods's juvenile adjudications were from Alameda County.

On April 10, 2024, Woods appeared before the trial court in custody.[5] On June 12, 2024, Woods entered a plea of no contest to count 2 and admitted both of the juvenile strike priors on the condition that he would receive a prison sentence no longer than 32 months and his counsel would file a *Romero* motion.[6] On the written plea form, under factual basis, Woods initialed the following statement: "On October 27, 2018, Mr. Woods was in possession of paraphernalia while a[n] inmate at Salinas Valley State Prison in the County of Monterey." Woods also waived his appellate rights as part of his written plea agreement.

Prior to sentencing, Woods filed a motion to dismiss his juvenile strikes. In support of his motion, Woods stated the prior strikes were 13 years old, Woods had grown up in a high-crime area in Oakland, and Woods was caring for his mother. Woods argued that the court should dismiss the strike allegations because the current offense was not a violent felony and Woods's strikes were committed when he was a juvenile and were over five years old.

The district attorney opposed Woods's motion to strike his prior strike convictions. The district attorney asserted that, since his juvenile strike offenses, Woods had incurred numerous subsequent convictions, including two felonies. The district attorney requested that the court impose a prison sentence of 32 months.

The trial court sentenced Woods in the Monterey County case on August 28, 2024.[7] The court denied Woods's motion to strike his strike priors. The court noted that, during the time the Monterey County case had been pending, Woods had incurred four additional convictions. The court indicated that it gave "great weight" to the mitigating

---

[5] He was arrested and went into custody on the Monterey County case on April 5, 2024.

[6] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[7] In the same proceeding, Woods also pleaded no contest to an unrelated misdemeanor (§ 148, subd. (a)) and was sentenced to credit for time served.

factors set out in Woods's *Romero* motion. Nevertheless, it did not find that Woods fell outside the spirit of the Three Strikes Law and denied his motion.

The trial court denied probation and imposed 32 months on count 2 (consisting of the lower term of 16 months, doubled pursuant to strike law). The court awarded 133 days of actual custody credits, 132 days of good/work time, for a total of 265 days of custody credits.

The trial court ordered a restitution fund fine of $300 (§ 1202.4, subd. (b)) and imposed and suspended a $300 parole revocation fund fine (§ 1202.45). The court ordered a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373). The court dismissed count 1.

Woods timely filed a notice of appeal "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." There is no evidence in the record that Woods sought or obtained a certificate of probable cause.

On October 14, 2024, Woods's appointed appellate counsel wrote a letter to the trial court informing it that Woods should have been awarded 147 days of credit for actual days in presentence custody and 146 days of credit for good/work time in presentence custody. Appellate counsel noted that the probation report that contained the custody credit calculation was prepared in anticipation of an August 14, 2024 sentencing date, but Woods was not in fact sentenced until August 28, 2024. At sentencing, the trial court had awarded the credits listed in the probation report. Therefore, Woods should have been given 14 additional actual days of custody credits and 14 additional days of good/work time credits. Woods's appellate counsel requested that the trial court prepare a new abstract of judgment reflecting Woods's accurate custody credits.

On November 14, 2024, the trial court ordered that the record be corrected to reflect that Woods should have been awarded 147 days of actual custody credits and 146 days of good/work time credits for a total of 293 days of custody credits. The court ordered the preparation of an amended abstract of judgment.

4

The trial court subsequently issued an amended abstract of judgment restating the sentence and awarding Woods 293 days of custody credits.

## II.  DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Woods.  We therefore affirm the judgment.

## III.  DISPOSITION

The judgment is affirmed.

_____

Danner, Acting P. J.

WE CONCUR:

_____

Wilson, J.

_____

Bromberg, J.

**H052501**
*People v. Woods*